No. 21261.

LARRY LARSON *v.* HARRY C. TINSLEY, WARDEN,
COLORADO STATE PENITENTIARY.
(395 P.2d 458)

Decided September 28, 1964.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. GEORGE H. SIBLEY, Special As-
sistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MCWILLIAMS delivered the opinion of the Court.

LARSON filed a petition in the District Court of Fremont County wherein he sought the issuance of a writ of habeas corpus. The trial court denied the petition and entered judgment to that effect. By the present writ of error Larson seeks reversal of the judgment thus entered.

In his petition Larson alleged, among other things, the following:

1. that on or about May 1, 1962, he was lawfully committed to the State Reformatory by the District Court of Adams County;

2. that on or about July 25, 1962, pursuant to an executive order signed by the Honorable Steve McNichols, then Governor of the State of Colorado, he was transferred from the State Reformatory to the State Penitentiary;

3. that his present confinement in the State Penitentiary is unlawful and invalid because:

a. such violates the due process clause of the Fourteenth Amendment to the Constitution of the United States;

b. the Governor in ordering the transfer from the State Reformatory to the State Penitentiary "usurped the function of the judiciary"; and

c. he (Larson) has now in effect suffered a "felony conviction," though the trial court declared that he be incarcerated in the reformatory, all without an opportunity to engage counsel and receive a "trial before a competent tribunal."

Larson attached to his petition a copy of an executive order wherein the Governor, acting under and pursuant to the provisions of C.R.S. '53, 3-11-6(1)(a) (1960 Perm. Supp.), ordered that Larson be forthwith transferred from the State Reformatory to the State Penitentiary, "it having been made to appear to me" that Larson is an incorrigible prisoner whose presence at the State Re-

formatory "appears to be seriously detrimental to the morale, administration, policy and well-being of said reformatory.

In our view the trial court committed no error in declining to issue a writ and in dismissing the aforementioned petition. Larson's petition is essentially an attack on the constitutionality of C.R.S. '53, 3-11-6(1)(a) (1960 Perm. Supp.), a matter which has heretofore been considered by this Court and resolved adversely to the position here advanced by Larson. *Tinsley v. Crespin,* 137 Colo. 302, 324 P.2d 1033 is the complete answer to Larson's petition and disposes of the present controversy in all particulars. We are unmoved by Larson's plea that we "overturn" *Tinsley v. Crespin,* supra.

The judgment is affirmed.